UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                         **DECISION AND ORDER**
                                                                11-CR-54S

RAHMAN S. DUNN,

                    Defendant.

Presently before this Court is Defendant Rahman S. Dunn's May 16, 2022 letter challenging the Bureau of Prisons' alleged failure to properly calculate his good-time credit under Section 102 (b)(1)(A) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  (Docket No. 65.)  That provision amended 18 U.S.C. § 3624 (b)(1) to change the manner of calculating good-time credit and to allow for an increase in the maximum good-time credit from 47 to 54 days per year.  For the reasons below, Dunn's motion must be denied.

First, because Dunn is challenging the Bureau of Prisons' execution of his sentence, his letter is properly construed as one for habeas relief under 28 U.S.C. § 2241. See Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241[ ] is the proper means to challenge the *execution* of a sentence"); Bell v. Finley, 9:21-CV-0413 (GTS/ML), 2021 WL 1895029, at *2 (N.D.N.Y. May 11, 2021) ("[A] petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.")  A § 2241 petition, however, must be filed in the judicial district with jurisdiction over the inmate's current custodian.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); see also 28

1

U.S.C. §§ 2242, 2243.  Because Dunn is incarcerated at FCI Mendota in California, this Court lacks jurisdiction over any § 2241 petition.

Second, even if this Court had proper jurisdiction, it cannot do what Dunn seemingly wants it to do: apply additional good-time credit.  See Wright v. Hudson, No. 9:12-CV-01638-JKS, 2015 WL 5971055, at *3 (N.D.N.Y. Oct. 14, 2015) ("Thus, with respect to a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance.").  It is the Bureau of Prisons, not the courts, that determines good-time credit.  See 18 U.S.C. § 3624 (b); cf. United States v. Wilson, 503 U.S. 329, 333, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (holding that the Attorney General, not the federal courts, determines the appropriate credit for time spent in official detention).

Consequently, for these reasons, Dunn's letter request must be denied.

IT HEREBY IS ORDERED, that Defendant's letter request (Docket No. 65) is DENIED.

SO ORDERED.

Date:   May 20, 2022
        Buffalo, NY

> s/William M. Skretny
> WILLIAM M. SKRETNY
> United States District Judge

2